RECEIVED

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **ALFA CORPORATION,**<br>an Alabama corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**ALFA FINANCIAL CORPORATION,**<br>a Texas corporation,<br><br>Defendant. | CASE NO: 2:06-CV-1007-ID |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Alfa Corporation ("Alfa Corp."), by its undersigned attorneys of record, for its Complaint against Defendant Alfa Financial Corporation ("Defendant"), alleges as follows:

### Jurisdiction and Venue

1. This is a civil action arising out of Defendant's infringement, in violation of Section 32(1) of the U.S. Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114 (1), of federally registered trademarks owned and used by Alfa Corp., unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law trademark infringement; common law unfair competition; and statutory trademark dilution.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. This Court has jurisdiction over Defendant by virtue of its commission of the wrongful and tortious conduct as described herein within and without the State of Alabama. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and (d).

## Parties

4. Plaintiff, Alfa Corp. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Montgomery, Alabama.

5. Based on information and belief, Defendant, Alfa Financial Corporation, is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located in Houston, Texas.

6. Based on information and belief, Defendant does business and/or is licensed currently in Texas.

## Factual Allegations

7. Alfa Corp. is a financial services company that traces its roots to the mid-1940's in Alabama, when the leadership of the Alabama Farm Bureau Federation decided that it would make insurance available to farmers at affordable premiums.

8. Today, Alfa Corp. is a financial services conglomerate, operating through a number of wholly owned subsidiaries, divisions, and related companies. All corporate affiliates of Alfa Corp. referenced in this Complaint are related companies of Alfa Corp. within the meaning of Section 45 of the Lanham Act, 15 U.S.C. § 1127.

9. Alfa Corp. is a publicly traded company, listed on the NASDAQ stock exchange under the symbol "ALFA."

10. The lines of business of Alfa Corp. include, among other things, insurance and reinsurance services, conducted through Alfa Insurance Corp., Alfa Life Insurance Corp., Alfa General Insurance Corp., Alfa Mutual General Insurance Company, Alfa Mutual Insurance Company, Alfa Mutual Fire Insurance Company, Alfa Specialty Insurance Corp., and other related companies.

11. Alfa Corp. and its related companies hold state insurance and/or reinsurance licenses in the states of Virginia, Alabama, Florida, Georgia, Michigan, New York, Pennsylvania, South Carolina, Ohio, Connecticut, Wisconsin, Indiana, Massachusetts, North Carolina, Louisiana, Mississippi, Arkansas, Missouri, Tennessee, Texas, Washington, New Mexico, Wyoming and Oklahoma, among others.

12. Alfa Corp. is a thrift holding company qualified with the U.S. Office of Thrift Supervision and is a substantial shareholder in a financial services company that has a wholly-owned bank. Alfa Corp. and certain of its subsidiaries also hold state banking licenses.

13. Alfa Corp. also is engaged in providing a variety of other financial services including offering equity lines of credit on residential real estate and other mortgage services (through its wholly-owned subsidiary Alfa Financial Corp.) and realty and building services (through Alfa Realty, Inc., Alfa Properties, Inc., and Alfa Builders, Inc.), among other things.

14. Alfa Corp. has steadily expanded, and is continuing to expand, the breadth and scope of its operations into diversified insurance, banking, mortgage, securities, and a host of other financial services. These and other types of insurance and financial services are within the natural zones of expansion for the lines of business in which Alfa Corp. has operated for many years.

15. Alfa Corp. and its subsidiaries, divisions and related companies have for many years done business under the name "ALFA," including but not limited to Alfa Corporation, Alfa Financial Corp., Alfa Insurance Corp., Alfa Life Insurance Corp., Alfa Mutual General Insurance Company, Alfa Mutual Insurance Company, Alfa Virginia Mutual Insurance Company, Alfa Mutual Fire Insurance Company, Alfa General Insurance Corp., Alfa Specialty Insurance Corp., Alfa Vision Insurance, Alfa Realty, Inc., Alfa Benefits Corp., Alfa Properties, Inc., Alfa Ventures II, L.L.C., Alfa Builders, Inc. and Alfa Investors, among others. By virtue of the foregoing uses, Alfa Corp. has acquired common law trademark rights throughout the United States, including but not limited to in the State of Alabama.

16. Alfa Corp. also is the holder of a number of valid federally registered trademarks incorporating the word "ALFA," including but not limited to: ALFA INSURANCE (Registration No. 2671861), ALFA INSURANCE & design (Registration No. 2088673), ALFA HEALTH (Registration No. 2697512), ALFA REALTY (Registration No. 2677418), ALFA BUILDERS (Registration No. 2692690), and ALFA REALTY & design (Registration No. 2671857), which are registered in various classes. Alfa Corp. also is the holder of various "ALFA" trademark registrations, including in the insurance classes, in the State of Alabama. Alfa Corp.'s use of its various "ALFA" trademarks began before Defendant could claim to have commenced use of the ALFA name at issue in this action.

17. Alfa Corp. also has a number of pending trademark applications on file with the U.S. Patent & Trademark Office, including but not limited to CALL ALFA, MY ALFA, CALL ALFA (stylized), ALFA INSURANCE, ALFA COMPANIES, ALFA CORPORATION, and ALFA FINANCIAL, which seek registration in various classes, including mortgage, financial and lending services.

18. Over the years, Alfa Corp. and its related companies have invested millions of dollars in the advertisement and promotion of goods and services sold under the "ALFA" trademarks, helping to generate billions of dollars in sales under those marks. As a result, the "ALFA" trademark has become a distinctive

identifier of goods and services provided by Alfa Corp, and a symbol of consumer goodwill whose value to Alfa Corp. is incalculable.

19. Based on information and belief, Defendant provides financial services.

20. Defendant's business is within the natural zone of expansion of Alfa Corp.'s business.

21. Defendant's use of the name "ALFA" in connection with financial services is likely to cause confusion, mistake or deception of the trade and public and to cause them to believe that Defendant's services are the same as Alfa Corp.'s services or are authorized, sponsored or approved by Alfa Corp. or are otherwise affiliated or connected with Alfa Corp. or its services, and to dilute the distinctive quality of Alfa Corp.'s various "ALFA" trademarks.

22. On March 8, 2005, May 11, 2005 and August 21, 2006, Alfa Corp. sent cease and desist letters to Defendant, which have been ignored by Defendant. True and correct copies of the letters are attached hereto as Exhibits 1, 2 and 3. The letters were sent to Defendant's apparent principal, addressed as follows: Franktheia Williams, Alfa Financial Corporation, 10627 Wickersham Ln., Houston, Texas 77042.

23. Defendant's activities have caused and will continue to cause irreparable harm to Alfa Corp. and to the substantial goodwill embodied in Alfa Corp.'s "ALFA" trademarks, and such acts will continue unless restrained by this Court.

24. Alfa Corp. has no adequate remedy at law.

## COUNT I

### Trademark Infringement Under Section 32(1) of the Lanham Act

25. Alfa Corp. repeats and realleges each and every allegation set forth in paragraphs 1 through 24 set forth above.

26. Defendant's conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as the continued use by Defendant of the "Alfa" designation on or in connection with financial services is likely to cause confusion among consumers with Alfa Corp's prior, registered "Alfa" trademarks.

## COUNT II

### Infringement, Unfair Competition and Use of False Designations of Origin Under Section 43(a)(1)(A) of the Lanham Act

27. Alfa Corp. repeats and realleges each and every allegation set forth in paragraphs 1 through 26 set forth above.

28. Defendant's conduct constitutes trademark infringement, unfair competition and the use of false designations of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), as the continued use by Defendant of the "Alfa" designation on or in connection with financial services is likely to cause confusion among consumers with Alfa Corp's prior, registered "Alfa" trademarks.

## COUNT III

### Common Law
### Trademark Infringement

29. Alfa Corp. repeats and realleges each and every allegation set forth in paragraphs 1 through 28 set forth above.

30. Defendant's conduct constitutes trademark infringement under the common law of the State of Alabama, as the continued use by Defendant of the "Alfa" designation on or in connection with financial services is likely to cause confusion among consumers with Alfa Corp's prior, distinctive "Alfa" trademarks.

## COUNT IV

### Common Law
### Unfair Competition

31. Alfa Corp. repeats and realleges each and every allegation set forth in paragraphs 1 through 30 set forth above.

32. Defendant's conduct constitutes unfair competition under the common law of the State of Alabama, because the continued use by Defendant of the "Alfa" designation on or in connection with financial services is likely to cause confusion among consumers with Alfa Corp's prior, distinctive "Alfa" trademarks.

## COUNT V

### Statutory Trademark Dilution

33. Alfa Corp. repeats and realleges each and every allegation set forth in paragraphs 1 through 32 set forth above.

34. Alfa Corp. also is the holder of various "Alfa" trademark registrations, including in the insurance classes, with the Secretary of State of the State of Alabama, and also has such common law rights in the State of Alabama and elsewhere.

35. Defendant's conduct dilutes the distinctive quality of Alfa Corp's registered "Alfa" trademarks and marks valid at common law, and/or creates a likelihood of injury to Alfa Corp.'s business reputation, in violation of Alabama Code, section 8-12-17 (1975).

## Prayer for Relief

WHEREFORE, Plaintiff Alfa Corporation prays for judgment against Defendant Alfa Financial Corporation, as follows:

1. Entering judgment in favor of Plaintiff and against Defendant on each and every count in this Complaint;

2. Preliminary and permanently enjoining and restraining Defendant, and its respective parents, subsidiaries, affiliated companies, directors, officers, agents, servants, principals, employees, attorneys, representatives, successors, assigns, and all persons and entities acting under their direction, or in active concert or participation with them or any of them, from:

   (i) using the name or designation "Alfa" in connection with any financial or related services in the United States;

   (ii) prosecuting any applications to register trademarks containing an "Alfa" name or designation in connection with any financial or

related services in the U.S. Patent and Trademark Office or any other U.S. trademark authority;

    (iii) using any false designation of origin or false description or representation or other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's business and services are in any way associated or affiliated with or related to Plaintiff or Plaintiff's services; and

    (iv) filing any public record using the name ALFA FINANCIAL, and ordering that any such filings or registrations be withdrawn or rescinded.

   3. Directing Defendant to deliver up to Plaintiff for destruction or other disposition, within thirty (30) days of the entry of final judgment, all labels, signs, prints, packaging, wrappers, documents and advertising or promotional materials in its possession or within its custody or control that bear any designation in violation of Plaintiff's rights as decreed herein, together with all plates, molds, matrices and other means of making the same.

   4. Directing Defendant to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116.

   5. Directing Defendant to account and turn over to Plaintiff its profits arising from the conduct complained of herein, pursuant to 15 U.S.C. § 1117, and trebling such award of profits as appropriate;

6. Awarding Plaintiff its reasonable attorneys' fees, taxable costs and disbursements of this action, pursuant to 15 U.S.C. § 1117.

7. Awarding such other and further relief as the Court deems just and proper.

Dated: November 8, 2006.

By: /s/ Robert A. Huffaker
Robert A. Huffaker
RUSHTON, STAKELY, JOHNSTON
    & GARRETT, P.A.
184 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 206-3215
Facsimile: (334) 481-0814
E-Mail: rah@rsjg.com
Bar No. ASB-7668-U79R

Juan C. Basombrio
DORSEY & WHITNEY LLP
38 Technology Drive
Irvine, California 92618
Telephone: (949) 932-3600
Facsimile: (949) 932-3601
E-Mail: Basombrio.Juan@dorsey.com
(California State Bar No. 150703; seeking admission pro hac vice)

Attorneys for Plaintiff
ALFA CORPORATION

2:06-cv-1007-ID-WC

# Exhibit 1

2:06-cv-1007-ID-WC



**DORSEY & WHITNEY LLP**

JUAN C. BASOMBRIO
(949) 932-3650
FAX (949) 932-3601
basombrio.juan@dorsey.com

March 8, 2005



EXHIBIT
1

**By United States Mail**

Franktheia Williams
Director
Alfa Financial Corporation
10627 Wickersham Ln.
Houston, Texas 77042

Dear Ms. Williams:

    We represent Alfa Corporation ("Alfa Corp.") and its related companies. Alfa Corp. is a financial services conglomerate.

    Alfa Corp. is the federal registrant of the "ALFA CORPORATION" trademark, and of various other trademarks including the "Alfa" designation in the financial services classes, with the United States Patent & Trademark Office.

    Your company's use of the "Alfa" designation is likely to cause consumer confusion with our client's trademarks, and our client's common law rights. Your company's use of the "Alfa" designation also is diluting our client's trademarks.

    Alfa Corp. therefore demands that your company cease and desist any use of the name "Alfa," including any use of that designation in its name, corporate filings, business dealings, and marketing, sales, and promotional materials.

    Please confirm in writing that your company will comply with this letter. If you so comply, we will consider providing your company with a reasonable amount of time to transition to a new name. We look forward to your response within seven (7) days.

    If you wish to discuss these matters, please call me.

Very truly yours,

Juan C. Basombrio

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 949.932.3600 • F 949.932.3601
38 TECHNOLOGY DRIVE • IRVINE, CALIFORNIA 92618-5310
USA  CANADA  EUROPE  ASIA

2:06-cv-1007-ID-WC

# Exhibit 2


DORSEY & WHITNEY LLP

JUAN C. BASOMBRIO
(949) 932-3650
FAX (949) 932-3601
basombrio.juan@dorsey.com

May 11, 2005

**EXHIBIT 2**

**By United States Mail**

Franktheia Williams
Alfa Financial Corporation
10627 Wickersham Ln.
Houston, TX 77042

Dear Ms. Williams:

We represent Alfa Corporation ("Alfa Corp.") and its related companies. Alfa Corp. is a financial services conglomerate providing various kinds of insurance services.

Alfa Corp. is the registrant of the "ALFA CORPORATION" federal trademark, and of various other trademarks including the "Alfa" designation in the financial services classes, with the United States Patent & Trademark Office.

On March 8, 2005, we wrote to you indicating that your company's use of the "Alfa" designation is likely to cause consumer confusion with our client's trademarks, and our client's common law rights. Your company's use of the "Alfa" designation also is diluting our client's trademarks. Alfa Corp. demanded that your company cease and desist any use of the name "Alfa," including any use of that designation in its name, corporate filings, business dealings, and marketing, sales, and promotional materials.

You have not responded to our March 8, 2005 letter. Please confirm that your company will comply with Alfa's demand, in order to avoid potential litigation.

Very truly yours,

*[signature]*

Juan C. Basombrio

2:06-cv-1007-ID-WC

# Exhibit 3


**DORSEY**
DORSEY & WHITNEY LLP

JUAN C. BASOMBRIO
(949) 932-3650
FAX (949) 932-3601
basombrio.juan@dorsey.com

August 21, 2006

**EXHIBIT 3**

**By United States Mail**

Franktheia Williams
Alfa Financial Corporation
10627 Wickersham Ln.
Houston, TX 77042

Dear Ms. Williams:

I represent Alfa Corporation and its related companies. Alfa Corp. is a financial services conglomerate providing various kinds of insurance services.

Alfa Corp. is the registrant of the "ALFA CORPORATION" federal trademark, and of various other trademarks and applications including the "Alfa" and "Alfa Financial" designations in the financial services classes, with the United States Patent & Trademark Office.

On March 8, 2005, I wrote to you indicating that your use of the "Alfa" designation is likely to cause consumer confusion with my client's trademarks, and my client's common law rights. Your use of the "Alfa" designation also is diluting my client's trademarks. Alfa Corp. demanded that you cease and desist any use of the name "Alfa," including any use in your name, corporate filings, business dealings, marketing, sales and promotional materials.

You ignored my March 8, 2005 letter. Thus, on May 11, 2005, I again wrote to you making the same demands, and you ignored that letter as well.

Then, on June 26, 2006, your deposition was noticed, pursuant to a federal subpoena issued in the case of <u>Alfa Corp. v. OAO Alfa Bank</u>, to take place in Houston, Texas. You then failed to appear for your deposition.

This constitutes Alfa Corp.'s final demand that you cease and desist from using the name Alfa Financial or any other name with the word "Alfa." If you fail to contact me and consent to the foregoing in writing within ten days of the date of letter, Alfa Corp. will file a lawsuit against you for trademark infringement and under other appropriate grounds, and will seek injunctive relief, damages and attorneys fees against you for willful infringement.

Very truly yours,

Juan C. Basombrio